MILES KATH, T/D/B/A KATH & ASSOCIATES, PLAINTIFF, v. H.D.A. ENTERTAINMENT, INC., JOEL KATZ AND NATIONAL MARKETING GROUP, DEFENDANTS

No. COA94-1219

(Filed 19 September 1995)

**Courts § 16 (NCI4th)— nonresident defendants—contract performed in North Carolina—exercise of in personam jurisdiction—no violation of due process**

The trial court's exercise of *in personam* jurisdiction over the nonresident defendants did not violate due process where there was evidence that defendants sought out plaintiff to perform work for them; plaintiff performed the work in North Carolina; defendants knew the work would be performed in North Carolina; and defendants made numerous trips to North Carolina to check on plaintiff's progress.

**Am Jur 2d, Courts §§ 106-109.**

Appeal by defendants from order entered 11 August 1994 by Judge James C. Davis in Pender County Superior Court. Heard in the Court of Appeals 23 August 1995.

In March 1992, plaintiff entered into an oral contract with the defendants, two Maryland corporations and one Maryland resident, to provide consulting services and perform, *inter alia*, design work on circuit boards. Defendants paid plaintiff for the work he did through December 1992. Although plaintiff continued to do work for defendants in his shop in Wilmington, North Carolina after December 1992, plaintiff alleges that defendants failed to pay him for his work except for sporadic payments in 1993. In May 1994, plaintiff sued alleging breach of contract, interference with contract, and unfair or decep-

.tive trade practices. Defendants moved to remove the case to federal district court in Maryland and to dismiss the case pursuant to G.S. 1A-1, Rule 12(b)(2), alleging that the trial court lacked personal jurisdiction over the Maryland defendants. The trial court denied defendants' motions on 11 August 1994.

Defendants appeal the trial court's denial of their motion to dismiss for lack of personal jurisdiction.

*Ray C. Blackburn, Jr. for plaintiff-appellee.*

*Harry H. Harkins, Jr. for defendant-appellants.*

EAGLES, Judge.

We first note that G.S. 1-277(b) provides in part that "[a]ny interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant." Accordingly, while the trial court's order is interlocutory, this appeal is properly before us.

Our courts employ a two-step analysis to determine whether a non-resident defendant is subject to personal jurisdiction in North Carolina. "First, the transaction must fall within the language of the State's 'long-arm' statute. Second, the exercise of jurisdiction must not violate the due process clause of the fourteenth amendment to the United States Constitution." *Tom Togs, Inc. v. Ben Elias Industries Corp.*, 318 N.C. 361, 364, 348 S.E.2d 782, 785 (1986). Defendants do not address the first prong of the test, but instead argue only that the exercise of jurisdiction here violates the due process clause of the fourteenth amendment. Accordingly, we address only the issue of whether the trial court's exercise of *in personam* jurisdiction over the non-resident defendants comports with due process.

There are two types of long-arm jurisdiction: "specific" jurisdiction and "general" jurisdiction. *Tom Togs, Inc.*, 318 N.C. at 366, 348 S.E.2d at 786. When the controversy arises out of defendants' contacts with the forum state, as is the situation here, the issue is one of "specific" jurisdiction. *ETR Corp. v. Wilson Welding Service, Inc.*, 96 N.C. App. 666, 669, 386 S.E.2d 766, 768 (1990); *Fraser v. Littlejohn*, 96 N.C. App. 377, 383, 386 S.E.2d 230, 234 (1989). With specific jurisdiction, the court must analyze the relationship among the defendant, the forum state, and the cause of action. *Buck v. Heavner*, 93 N.C. App. 142, 145, 377 S.E.2d 75, 77 (1989). The defendant's minimum con-

tacts with our State must satisfy " 'traditional notions of fair play and substantial justice.' " *ETR Corp.*, 96 N.C. App. at 669, 386 S.E.2d at 768, *quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L.Ed. 95, 102 (1945).

Here, plaintiff submitted his own affidavit and the affidavits of three people who were familiar with the transactions between plaintiff and defendants. The affidavits provided the following information: Defendants "request[ed]" plaintiff to perform work for them and plaintiff and defendants entered into the contract in North Carolina. When plaintiff and defendants entered into the contract, "[d]efendants knew that all work would be performed within the State of North Carolina and that [plaintiff's] only office or shop was within the State of North Carolina." While plaintiff made "a few trips to Maryland in connection with [the] contract," all the work was performed in North Carolina and defendants' agents made numerous trips to plaintiff's shop in Wilmington to monitor the work.

Defendant Katz submitted an affidavit in which he denied ever entering into a contract in North Carolina. He stated that he first met plaintiff at defendant HDA's offices in Maryland and that plaintiff and defendants entered into the contract at that meeting. Defendant Katz further stated that there was no requirement that plaintiff perform any services in North Carolina. Defendant Katz insisted that defendant HDA had never done business in North Carolina and had never attempted to do business in North Carolina.

North Carolina has a " 'manifest interest' in providing its residents with a convenient forum for addressing injuries inflicted by out-of-state actions." *ETR Corp.*, 96 N.C. App. at 669, 386 S.E.2d at 768. Defendants deny attempting to benefit from North Carolina law by entering the market here. However, there is evidence that defendants sought out plaintiff to perform work for them, plaintiff performed the work in North Carolina, defendants knew the work would be performed in North Carolina, and defendants made numerous trips to North Carolina to check on plaintiff's progress. Accordingly, we conclude that it will not violate "traditional notions of fair play and substantial justice" to require defendants to return to North Carolina courts to resolve this dispute. *See Cameron-Brown Co. v. Daves*, 83 N.C. App. 281, 287, 350 S.E.2d 111, 115 (1986) (finding that the "most significant[]" factor in determining the proper forum is who initiated the relationship between the parties). *See also Modern Globe, Inc. v. Spellman*, 45 N.C. App. 618, 263 S.E.2d 859 (where we found that

North Carolina lacked jurisdiction over a party that performed all of its services in another state), *review denied*, 300 N.C. 373, 267 S.E.2d 677 (1980).

Affirmed.

Judges LEWIS and JOHN concur.