STARCO, INC., Plaintiff v. AMG BONDING AND INSURANCE SERVICES, INC., DALE CLARK, DALE CLARK BONDING, INC., Defendants

COA95-1315

(Filed 5 November 1996)

**1. Appeal and Error § 486 (NCI4th)— finding misstating date of service—finding incorporating documents—no prejudice to defendant**

Defendant failed to show that any prejudice resulted in the trial court's finding which misstated the date of service of plaintiff's summons and complaint or in the trial court's finding which incorporated documents by reference.

**Am Jur 2d, Appellate Review §§ 735, 742.**

2. **Courts § 16 (NCI4th)— foreign corporation—minimum contacts with N.C.—exercise of personal jurisdiction proper**

Defendant Arizona bonding company's activities clearly fell within N.C.G.S. § 1-75.4(5), and it had sufficient minimum contacts with this state to permit the exercise of in personam jurisdiction over it, where defendant directly solicited business in this state and issued bid bonds in connection with contracts for clients of a North Carolina businessman; at least one of these contracts was to be performed in North Carolina; and defendant thus engaged in the requisite "minimum contacts" so that the exercise of personal jurisdiction over it did not offend traditional notions of fair play and substantial justice.

**Am Jur 2d, Courts § 80.**

**Retrospective operation of state statutes or rules of court conferring in personam jurisdiction over nonresidents or foreign corporations on the basis of isolated acts or transactions. 19 ALR3d 138.**

**Validity, as a matter of due process, of state statutes or rules of court conferring in personam jurisdiction over nonresidents or foreign corporations on the basis of isolated business transaction within state. 20 ALR3d 1201.**

Appeal by defendant AMG Bonding and Insurance Services, Inc. from order entered 11 September 1995 and signed 14 September 1995 by Judge D. B. Herring in Lenoir County Superior Court. Heard in the Court of Appeals 9 September 1996.

*Wallace, Morris, Barwick & Rochelle, P.A., by Edwin M. Braswell, Jr., for plaintiff-appellee.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by George H. Pender, for defendant-appellee Dale Clark.*

*White & Allen, P.A., by John C. Archie, for defendant-appellant AMG Bonding Insurance Services, Inc.*

JOHNSON, Judge.

On 24 February 1995, plaintiff Starco, Inc. filed this action alleging claims for breach of contract and negligence against defendants AMG Bonding and Insurance Services, Inc. (AMG) and Dale Clark. Defendant Clark filed an answer generally denying any liability to

plaintiff. AMG filed a motion to dismiss pursuant to Rule 12(b)(2) of the North Carolina Rules of Civil Procedure, contending that the court lacked personal jurisdiction in the action. This motion came on for hearing before Judge D. B. Herring during the 11 September 1995 civil session of Lenoir County Superior Court.

The evidence presented tended to show the following. AMG is a corporation organized under and existing by virtue of the laws of Arizona. AMG's only business office is located in Scottsdale, Arizona. AMG is in the business of procuring bonds for various purposes. AMG locates and provides potential corporate or individual sureties with information concerning the contractor or the project, or both. Most of AMG's business comes from referrals, rather than active solicitation. AMG does not own, lease or maintain real or personal property in North Carolina; does not have bank accounts in North Carolina; does not have employees or agents in North Carolina; does not have mailing addresses or maintain phone numbers in North Carolina; does not conduct its internal corporate affairs in North Carolina; has never borrowed money in North Carolina; does not collect debts in North Carolina; does not advertise in North Carolina; and does not manufacture, process, or service goods which are used or consumed in North Carolina. Further, AMG has never filed any documents to be registered as a foreign corporation with the office of the North Carolina Secretary of State. There is, however, evidence in the record which tends to show that an agent of defendant AMG had solicited defendant Clark's business, Clark Bonding Company, Inc., d/b/a The Bond Exchange, for assistance in bonding some of their clients some five years previously. Moreover, in July or August of 1994, an AMG agent telephoned defendant Clark soliciting business for defendant AMG; and followed up this telephone conversation with mailing defendant Clark a business card, information regarding AMG's individual surety program, a copy of AMG's bond request form, and several pages of federal regulations in reference to the federal acquisition regulation system. As a result, defendant Clark submitted underwriting packages for plaintiff, Superior Industrial Maintenance, Whitehurst Fence and Science and Technology. Consequently, defendant AMG issued bid bonds for plaintiff, Superior Industrial Maintenance and Science and Technology.

After hearing all of the evidence and the arguments of all of the parties, Judge Herring entered an order denying defendant AMG's motion to dismiss plaintiff's claim for lack of personal jurisdiction. Defendant AMG appeals. On appeal, defendant AMG brings forth

some fourteen (14) assignments of error and arguments on appeal. For purposes of thorough, but concise discussion, these arguments will be grouped herein.

## A. Errors in the Trial Court's Findings of Fact

[1] Defendant AMG, in assignments of error 1 and 2, takes issue with the trial court's finding of fact 2—"That on the 27th day of February 1995, the defendant AMG Bonding and Insurance Services, Inc. was served with said Summons and a copy of said Complaint by certified mail"; and finding of fact 10—"That said affidavit is incorporated herein by reference and the statements in said affidavit are accepted by the [c]ourt as findings of fact." Defendant contends that these findings of fact are unsupported by competent evidence and are, therefore, error.

### 1. Finding of Fact 2

It is well-settled that appellate review of findings of fact and conclusions of law made by a trial judge, without a jury, is limited to a determination of whether there is competent evidence to support his findings of fact and whether, in light of such findings, his conclusions of law were proper. *Shear v. Stevens Building Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992). Moreover, findings of fact by a trial judge in a non-jury trial have the force and effect of a jury verdict; and if the evidence tends to support the trial court's findings, these findings are binding on appeal, even though there may be some evidence to support findings to the contrary. *Id.*

In the instant case, defendant AMG is quite correct in its contention that the trial court, in finding of fact 2, misstated the date of service of plaintiff's summons and complaint as 27 February 1995, instead of the correct date of 28 February 1995 as noted in plaintiff's affidavit. However, to obtain relief on appeal, an appellant must not only show error, but that appellant must also show that the error was material and prejudicial, amounting to denial of a substantial right that will likely affect the outcome of an action. *Cook v. Southern Bonded, Inc.*, 82 N.C. App. 277, 346 S.E.2d 168 (1986), *disc. review denied*, 318 N.C. 692, 351 S.E.2d 741 (1987). This, defendant AMG has failed to do.

### 2. Finding of Fact 10

The purpose of requiring a trial judge in a non-jury trial to make appropriate findings of fact and conclusions of law is to assist the

appellate courts in its review of said findings and conclusions. *Mashburn v. First Investors Corp.*, 102 N.C. App. 560, 402 S.E.2d 860 (1991). While defendant AMG militates to the contrary, there is no prohibition against incorporating documents by reference and utilizing the contents of such documents as the trial court's findings of fact. *See Sealey v. Grine*, 115 N.C. App. 343, 444 S.E.2d 632 (1994) (incorporating an exhibit showing costs of court in the trial court's order); *Rogers v. Rogers*, 111 N.C. App. 606, 432 S.E.2d 907 (1993) (incorporating a separation agreement into a divorce judgment); *Cohen v. Cohen*, 100 N.C. App. 334, 396 S.E.2d 344 (1990) (incorporating an affidavit into the trial court's child support order), *disc. review denied*, 328 N.C. 270, 400 S.E.2d 451 (1991)). Defendant AMG's reliance on *Quick v. Quick*, 305 N.C. 446, 290 S.E.2d 653 (1982), for support of this argument is misplaced. In *Quick*, our Supreme Court was presented with an order, awarding permanent alimony, that was clearly without sufficient findings of facts to support the conclusions of law therein. *Id.* Herein, the trial court's order is supported by sufficient findings of fact, which are supported by adequate evidence on the record.

As defendant AMG fails to show that any prejudice has resulted in either of the trial court's findings discussed herein, we find no prejudicial error in regards to these assignments of error.

B. Errors in the Trial Court's Conclusions of Law

While a trial court's findings of fact are binding if supported by sufficient evidence, its conclusions of law are reviewable *de novo* on appeal. *Shear*, 107 N.C. App. at 160, 418 S.E.2d at 845. Defendant assigns error (assignments of error 3-12) to the following conclusions of law made by the trial court:

2. That the defendant AMG Bonding and Insurance Services, Inc. is engaged in substantial business activity within this State and has a substantial connection with this State.

3. That the plaintiff's suit does not offend traditional notions of fair play and substantial justice.

4. That by soliciting bond business in the State of North Carolina, the defendant AMG Bonding and Insurance Services, Inc. has purposefully availed itself of the laws and protection of the State of North Carolina, and the contact of the defendant AMG Bonding and Insurance Services, Inc. with the State of North Carolina is not random, fortuitous or attenuated.

5. That the defendant is being sued in North Carolina for alleged injuries allegedly arising from activities which he purposefully directed toward a North Carolina.resident.

6. That the plaintiff's Complaint alleges that the bid bond in question was to be used in connection with a construction project to be performed in North Carolina and therefore there is significant connection and interest in North Carolina with the subject matter of this action.

7. That North Carolina is the most convenient forum for the plaintiff to seek redress of its alleged injuries.

8. That the defendant AMG Bonding and Insurance Services waived its right to challenge personal jurisdiction by seeking affirmative relief from the Court when it obtained an extension of time to answer the plaintiff's discovery request and thereby invoked the adjudicatory powers of the Court in a matter not directly related to a question of jurisdiction.

9. That the defendant Dale Clark argued for, and concurred with, the entry of this Order.

10. That this Court has jurisdiction over the person of defendant AMG Bonding and Insurance Services, Inc.

11. That the motion of the defendant AMG Bonding and Insurance Services, Inc. to dismiss should be denied.

As all of these conclusions of law address the court's ability to exercise personal jurisdiction over defendant AMG, we will address these assignments of error in tandem.

[2] In order to properly exercise in personam jurisdiction over a non-resident defendant, a two-prong determination must be made. First, we must determine if the General Statutes of North Carolina permit the courts of this state to consider this action against defendant. Second, if so, it must be determined whether the exercise of this power by North Carolina courts violate the requirements of constitutional due process. *Chapman v. Janko, U.S.A.*, 120 N.C. App. 371, 373, 462 S.E.2d 534, 536 (1995) (quoting *Dataflow Companies v. Hutto*, 114 N.C. App. 209, 211, 441 S.E.2d 580, 581 (1994)).

Jurisdictional authority over a foreign corporation is provided by North Carolina's long-arm statute, North Carolina General Statutes section 1-75.4, which provides in pertinent part:

A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) or Rule 4(j1) of the Rules of Civil Procedure under any of the following circumstances:

. . .

(5) Local Services, Goods or Contracts.—In any action which:

a. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this State or to pay for services to be performed in this State by the plaintiff; or

b. Arises out of services actually performed for the plaintiff by the defendant within this State, or services actually performed for the defendant by the plaintiff within this State if such performance within this State was authorized or ratified by the defendant; . . . .

N.C. Gen. Stat. § 1-75.4(5) (1983). Our courts have reminded us on numerous occasions that section 1-75.4 should receive liberal construction, favoring the finding of jurisdiction. *Dataflow*, 114 N.C. App. 209, 441 S.E.2d 580; *Schofield v. Schofield*, 78 N.C. App. 657, 338 S.E.2d 132 (1986); *Marion v. Long*, 72 N.C. App. 585, 325 S.E.2d 300, *disc. review denied*, 313 N.C. 604, 330 S.E.2d 612 (1985). It is the plaintiff who bears the burden of establishing prima facie evidence that at least one of the statutory grounds for jurisdiction set out in the long-arm statute is met. *Centura Bank v. Pee Dee Express, Inc.*, 119 N.C. App. 210, 212, 458 S.E.2d 15, 18 (1995).

In the instant case, the evidence tends to show that defendant AMG, an Arizona corporation, solicited the services of a North Carolina corporation, Clark Bonding, d/b/a The Bond Exchange, through its president, defendant Dale Clark, a North Carolina resident; that a relationship between the two companies was developed; that over the last several years, defendant AMG sent several of their accounts to The Bond Exchange for review, but The Bond Exchange was unable to assist defendant AMG's clients; that in July or August 1994, an agent of defendant AMG telephoned defendant Dale Clark, once again soliciting bond business for defendant AMG; that in response to this conversation, the agent sent defendant Clark a packet of information—including the agent's business card, informa-

tion regarding defendant AMG's individual surety program, a copy of federal regulations, and an AMG bond request form; that defendant Clark subsequently submitted an underwriting file to defendant AMG for plaintiff after receiving and reviewing the information sent to him by defendant AMG; that thereafter, defendant AMG issued a bid bond for $8,000,000.00 from an individual surety; and that defendant Clark submitted other clients of The Bond Exchange to defendant AMG for their individual surety program, which resulted in defendant AMG issuing bid bonds for those companies also.

As such, defendant AMG's activities clearly fall within section 1-75.4(5) of the General Statutes. Specifically, North Carolina General Statutes section 1-75.4(5)a confers personal jurisdiction upon North Carolina courts in any action which "[a]rises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this State . . .[.]" N.C.G.S. § 1-75.4(5)a. Moreover, section 1-75.4(5)b is applicable to "services actually performed for the plaintiff by the defendant within this State . . . ." N.C.G.S. § 1-75.4(5)b. Unquestionably, defendant AMG made promises to defendant Clark to, and did, issue bid bonds to various businesses, including plaintiff corporation. Thus, bringing defendant within the personal jurisdiction of our courts. That is, however, not the end of our inquiry herein.

We must now inquire as to whether the exercise of jurisdiction comports with the Fourteenth Amendment to the United States due process requirements. These due process requirements require that "certain minimum contacts [exist]. . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " Tom Togs, Inc. v. Ben Elias Industries Corp., 318 N.C. 361, 365, 348 S.E.2d 782, 786 (1986) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 2d 95, 102 (1945)) (quotations omitted). It must be noted, however, that a determination of whether minimum contacts exist cannot be effected by utilization of a mechanical formula or rule of thumb, but instead by ascertaining what is fair and reasonable and just under the facts and circumstances of each case. Chapman, 120 N.C. App. at 375, 462 S.E.2d at 537. There are a number of criteria that may be used in analyzing whether minimum contacts exist, including: (1) the quantity of the contacts, (2) the nature and quality of the contacts, (3) the source and connection of the cause of action to the contacts, (4) the interest of the forum state and convenience to the parties, and (5) whether the defendant invoked benefits and protections of the law of the

forum state. *See Federal Deposit Ins. Corp. v. Kerr*, 637 F.Supp. 828 (W.D.N.C. 1986). In light of modern business practices, the quantity, or even the absence, of actual physical contacts with the forum state merely constitutes a factor to be considered and is not controlling in determining whether minimum contacts exists. *Ciba-Geigy Corp. v. Barnett*, 76 N.C. App. 605, 334 S.E.2d 91 (1985). Additionally, minimum contacts do not arise ipso facto from actions of a defendant having some incidental effect in the forum state. There must be some act or acts by which the defendant purposely availed himself of the privilege of doing business in the forum state, such that he or she should reasonably anticipate being haled into court there. *Id.*

In the case *sub judice*, the evidence shows not only did defendant AMG directly solicit business in this state, but also issued bid bonds in connection with contract(s) for clients of defendant Clark. At least one of these contracts (plaintiff's) was to be performed in North Carolina. "North Carolina has a ' "manifest interest" in providing its residents with a convenient forum for addressing injuries inflicted by out-of-state actions.' " *Kath v. H.D.A. Entertainment*, 120 N.C. App. 264, 266, 461 S.E.2d 778, 780 (1995) (quoting *ETR Corporation v. Wilson Welding Service*, 96 N.C. App. 666, 669, 386 S.E.2d 766, 768 (1990)). While defendant may contend otherwise, when its agent contacted defendant Clark, a North Carolina businessman, to solicit his assistance in bonding some of their clients and later to solicit bond business, and thereafter engaged in business transactions with defendant Clark and his clients, at least one of which was a North Carolina corporation, defendant AMG purposefully availed itself to the benefits and laws of our fair state. Accordingly, defendant AMG engaged in the requisite "minimum contacts" so as not to "offend traditional notions of fair play and substantial justice." *See Cameron-Brown Co. v. Daves*, 83 N.C. App. 281, 287, 350 S.E.2d 111, 115 (1986) (stating that a significant factor in determining the proper forum is who initiated the relationship between the parties).

As the trial court made adequate findings of fact, and those findings were supported by sufficient evidence, the trial court's conclusions of law 2-7, and 9-11 are proper. We do, however, find error in the trial court's conclusion that defendant had "waived its right to challenge personal jurisdiction by seeking affirmative relief from the [c]ourt when it obtained an extension of time to answer the plaintiff's discovery request . . . ." This Court has previously held that if a general appearance is made in conjunction with or after a 12(b)(2)

motion challenging personal jurisdiction is filed, the right to challenge personal jurisdiction is still preserved. *Hall v. Hall*, 65 N.C. App. 797, 310 S.E.2d 378 (1984). This error, however, was harmless, as defendant can show no prejudicial error resulting therefrom.

C. Errors in Denying Defendant AMG's Motion to Dismiss

In light of all of the foregoing, the trial court correctly denied defendant AMG's 12(b)(2) motion to dismiss for lack of personal jurisdiction. Thus, the decision of the trial court is affirmed.

Affirmed.

Judges LEWIS and WYNN concur.