JAMES MATTHEW JENKINS, Plaintiff,
v.
ALEXANDREA RAE (JENKINS) GILLESPIE, Defendant.
No. COA08-430
Court of Appeals of North Carolina.
Filed November 4, 2008
This case not for publication
Bunch, Robins & Stubblefield, by Thomas D. Robins, for plaintiff-appellee.
Hayes Law Firm, by Shaun L. Hayes, for defendant-appellant.
TYSON, Judge.
Alexandrea Rae (Jenkins) Gillespie ("defendant") appeals from order granting James Matthew Jenkins ("plaintiff") primary physical custody of the parties' minor child. We affirm.

I. Background
Plaintiff and defendant were married on 19 December 2002 and separated on 27 November 2003. One child, A.R.J., was born of the marriage on 10 May 2003. On 10 December 2003, plaintiff and defendant executed a separation agreement, which afforded defendant sole physical custody of A.R.J. subject to the visitation schedule established for plaintiff. On 29 April 2005, the separation agreement was modified to provide joint legal and physical custodyof A.R.J. to both parties. These documents were incorporated into the divorce judgment entered on 28 June 2005.
On 3 October 2006, plaintiff filed a Motion in the Cause to modify the prior custody arrangement and sought primary physical custody of A.R.J. Plaintiff alleged: (1) he had remarried and could provide a stable home for A.R.J.; (2) defendant had held approximately ten jobs since the parties separated and had lived in approximately five different residences; and (3) defendant had been involved in several volatile relationships and could not provide a stable home for A.R.J.
The trial court heard plaintiff's motion on 24-25 October and 6 November 2007. Both parties testified and submitted evidence to the trial court. On or about 19 November 2007, the trial court entered an extensive order containing thirty-six findings of fact. Based upon these findings, the trial court concluded "since entry of the prior custody Order in this Cause on June 28, 2005, a substantial and material change of circumstances has occurred affecting the welfare of the minor Child, [A.R.J.], justifying modification of the prior Order." The trial court ordered plaintiff and defendant to remain vested with joint legal custody of A.R.J. However, primary physical custody was granted to plaintiff and a visitation schedule for defendant and A.R.J was established. Defendant appeals.

II. Issues
Defendant argues the trial court erred by: (1) failing to find specific facts regarding ten e-mails admitted as exhibits; (2)failing to find specific facts regarding eleven letters admitted as exhibits; and (3) concluding as a matter of law that it is in the best interests of A.R.J. that her primary physical custody be vested with plaintiff.

III. Standard of Review
In an appeal from a judgment entered in a non-jury trial, our standard of review is whether competent evidence exists to support the trial court's findings of fact, and whether the findings support the conclusions of law. The trial judge acts as both judge and jury and considers and weighs all the competent evidence before him. The trial court's findings of fact are binding on appeal as long as competent evidence supports them, despite the existence of evidence to the contrary. When competent evidence supports the trial court's findings of fact and the findings of fact support its conclusions of law, the judgment should be affirmed in the absence of an error of law.
Resort Realty of the Outer Banks, Inc. v. Brandt, 163 N.C. App. 114, 116, 593 S.E.2d 404, 407-08 (internal citations and quotations omitted) (emphasis original), disc. rev. denied, 358 N.C. 236, 595 S.E.2d 154 (2004). We review the trial court's conclusions of law de novo. Starco, Inc. v. AMG Bonding and Ins. Services, 124 N.C. App. 332, 336, 477 S.E.2d 211, 215 (1996).

IV. Specific Findings of Fact
In defendant's appellate brief, she compounds her three assignments of error and argues "had the trial court considered and made findings of fact regarding the ten e-mails and eleven letters admitted as Exhibits, the court would not have concluded that it was in the best interest of the minor child that her primary physical custody be vested with [plaintiff]." We address the trialcourt's challenged finding of fact and conclusion of law separately.
Here, defendant challenged the trial court's "procedural" finding of fact numbered 9, which states, in relevant part:
Defendant testified and also presented sworn testimony from Tammy Brown Johnson, Debra R. Gillespie (Defendant's Mother-in-Law) and Zachary Thomas Gillespie (Defendant's Husband). Defendant also introduced the following Exhibits into evidence, without objection:
A. Ten (10) hard copies of e-mails;
B. Eleven (11) letters from Plaintiff to Defendant . . . .
Defendant argues "it was not enough simply just to find as fact that the [defendant] presented ten emails [sic] and eleven letters as Exhibits. To not consider the basis of the Exhibits and their offering is to ignore the evidence presented." We disagree.
Joint custody and any other custody award must include findings of fact which support such a determination of the child's best interests. The welfare of the child is the paramount consideration which must guide the Court in its decision. Findings of fact regarding the competing parties must be made to support the necessary legal conclusions. These findings may concern physical, mental, or financial fitness or any other factors brought out by the evidence and relevant to the issue of the welfare of the child. However, the trial court need not make a finding as to every fact which arises from the evidence; rather, the court need only find those facts which are material to the resolution of the dispute.
Witherow v. Witherow, 99 N.C. App. 61, 63, 392 S.E.2d 627, 629 (1990) (internal citations, quotations, and alterations omitted), aff'd per curium, 328 N.C. 324, 401 S.E.2d 362 (1991). A review of the ten e-mails and eleven letters presented by defendant as exhibits during the custody hearing, reveals the contentious relationship between the parties concerning their minor child and their inability to properly communicate. The trial court's "evidentiary and ultimate" finding of fact numbered 25 states:
Since entry of the custody Order in this Cause, the Parties have had periods of time over which they have communicated civilly and in the best interests of their said minor Child; however, more recently, relations between the Parties have been strained, uncivil and have at times nearly broken down. . . .
(Emphasis supplied). The trial court's finding of fact numbered 25 implicitly references the exhibits defendant admitted during the hearing. Defendant's argument that the trial court "ignore[d] the evidence presented" is without merit. Further, defendant failed to challenge finding of fact numbered 25 or any other finding of fact contained in the trial court's order. As such, the remaining findings of fact are presumed to be supported by competent evidence and are binding on appeal. Hall v. Hall, 65 N.C. App. 797, 799, 310 S.E.2d 378, 380 (1984). This assignment of error is overruled.

V. Best Interest of the Child
Defendant argues the trial court erred by concluding it was in the best interest of A.R.J. that plaintiff be vested with her primary physical custody. We disagree.
"Once the custody of a minor child is determined by a court, that order cannot be altered until it is determined (1) that there has been a substantial change in circumstances affecting thewelfare of the child, and (2) a change in custody is in the best interest of the child." Evans v. Evans, 138 N.C. App. 135, 139, 530 S.E.2d 576, 578-79 (2000) (internal citations omitted). Here, defendant failed to assign error to the trial court's conclusion of law that there had been a substantial change in circumstances affecting the welfare of A.R.J. The sole issue before us is whether the trial court's unchallenged findings of fact support its conclusion of law that it was in A.R.J.'s best interest for plaintiff to be vested with her primary physical custody. In making this determination, we acknowledge "the presiding judge, who has the unique opportunity of seeing and hearing the parties, witnesses and evidence at trial, is vested with broad discretion in cases concerning the custody of children. In re Peal, 305 N.C. 640, 645, 290 S.E.2d 664, 667 (1982) (citation omitted) (emphasis original).
Here, the trial court made thirty-six extensive findings of fact, inter alia: (1) plaintiff's current marital and living situation; (2) plaintiff's work history; (3) A.R.J.'s difficulty transitioning between plaintiff's and defendant's households; (4) defendant's volatile and abusive relationship with another man; (5) defendant's accusations of rape and subsequent hospitalization for "contemplat[ing] suicide[;]" (6) defendant's inability to follow up with therapy or counseling subsequent to her hospitalization; (7) the parties' contentious relationship and inability to communicate; and (8) defendant's instability in maintaining a residence or employment. The trial court's unchallenged findings of fact support its conclusion of law that A.R.J.'s best interest required for plaintiff to be vested with her primary physical custody. Brandt, 163 N.C. App. at 116, 593 S.E.2d at 407-08. This assignment of error is overruled.

VI. Conclusion
Defendant's contention that the trial court failed to consider the ten e-mails and eleven letters she admitted as exhibits is without merit. The trial court entered a specific finding of fact referencing the contentious relationship and breakdown of communication between the parties that was contained in the correspondence.
The trial court's unchallenged findings of fact support its conclusion of law that A.R.J.'s best interest required her primary physical custody be vested with plaintiff. The trial court's order is affirmed.
Affirmed.
Judges MCCULLOUGH and CALABRIA concur.
Report per Rule 30(e).