HUNTER, JR., Robert N., Judge.
Daniel H. Ross ("Plaintiff") appeals from a final decision of the North Carolina Industrial Commission ("the Commission"). Plaintiff contends the Commission did not base its findings on competent evidence. We disagree.
I. Factual and Procedural History
Plaintiff was convicted of first-degree murder in 1969. The Fourth Circuit Court of Appeals set Plaintiff's conviction aside, declaring it null and void, in 1983. The United States Supreme Court affirmed the Fourth Circuit's ruling in Reed v. Ross, 468 U.S. 1, 82 L.Ed.2d 1 (1984).
In 2013, Plaintiff was employed as a security patrol officer by Allied Barton Security Services in Maryland. As a condition to Plaintiff's employment, Plaintiff had to obtain a license from the State of Maryland. The State of Maryland subjected applicants for such a license to a criminal background check. The Maryland agency responsible for the applicants' licensure contacted the FBI Criminal Justice Information Services Division in order to obtain a copy of Plaintiff's criminal background history. The document produced by the FBI indicated Plaintiff had been convicted of first-degree murder in 1969, but failed to reflect that conviction was later declared null and void. The criminal background document also revealed a 1965 charge of misdemeanor assault on a female, and a 1969 charge of misdemeanor assault with a deadly weapon. As a consequence of the FBI background check, Plaintiff was unable to obtain the required license from the State of Maryland. Plaintiff was discharged from his employment as a security officer in February 2014.
On 24 March 2015, Plaintiff filed a tort claim with the North Carolina Industrial Commission pursuant to N.C. Gen. Stat. § 143-291, et seq. Here, Plaintiff alleged the North Carolina State Bureau of Investigation ("Defendant") negligently failed to accurately maintain his prior criminal record, which resulted in Plaintiff's inability to procure employment as a security guard in Maryland.
At the hearing, Plaintiff stated:
My contention is that the State was supposed to update this information, pursuant to North Carolina, who has designated the SBI as the statewide depository to send this information to the FBI, so that the FBI would report not just that my-I was convicted of first degree murder, but the first degree murder conviction was nullified.
During cross-examination, Defendant produced a document from the SBI titled "Computerized criminal history." At the bottom of the document were the words "First degree murder" and "Felony." Then, below those words were the phrases "Special conditions" and "Conviction set aside, null and void of no legal EFF[.]"
Plaintiff admitted the document was produced by the State of North Carolina and it stated Plaintiff's conviction was of "no legal effect." Plaintiff then argued:
[B]ut that's not my claim. My claim is that the State SBI has a statutory duty to submit that information to the FBI, and in turn, the FBI provides the State of North Carolina with a receipt we have this information in the event ... in case the FBI was just being lazy and didn't do what they supposed to do, North Carolina could say well ... we have proof that we submitted this information. ... Now, do you have that?
At this point, the Deputy Commissioner reminded Plaintiff it wasn't his turn to ask questions. Plaintiff responded the information proclaiming Plaintiff's conviction was "null and void" was not given to the FBI.
After Plaintiff finished taking the stand, Plaintiff did not introduce any further witnesses.
Defendant called Beth Desmond ("Desmond") to the stand. Desmond works for the North Carolina State Bureau of Investigation. She is a "special agent in charge in the criminal identification section[,] [and] oversee[s] the unit that maintains the criminal history." There is a computerized data base containing criminal histories called "Computerized Criminal History" or "CCH." In the CCH, "when a conviction is overturned or vacated ... that conviction remain[s] on that individual's criminal history with a comment added to it." The comment "reflect[s] the change of status in the conviction." A charge will only "be removed with an expungement from a judge[.]"
Defendant asked Desmond "if the FBI request the [criminal background] information, it has to be provided, is that correct?" Desmond replied, "That is correct." However, Desmond did not know whether "anytime there's a change in someone's criminal conviction ... does the State of North Carolina have to go to the FBI on its own[.]"
Defendant introduced its Exhibit 1, which Desmond identified as the "computerized criminal history of [Plaintiff]." Desmond stated that report was "generated" on "April 9th of 2015." Desmond also stated the last time that "document was amended or updated" was "August 19th, 2011." At the bottom of the document were the words "Special Conditions. Conviction set aside, null and void of no legal affect[.]"
Desmond knew Plaintiff tried to get his first-degree murder conviction expunged. That expungement was unsuccessful since Plaintiff had previously had a charge for breaking and entering expunged.
Defendant did not call further witnesses.
The Deputy Commissioner stated:
So, apparently what I'm hearing is at some point, the SBI updated [Plaintiff's] record prior to the FBI seeking this information [regarding Plaintiff's criminal history]. When the FBI sought this information, they either screwed up and didn't get an updated copy, or the State didn't update by then, but according to [State's exhibit], they did. So that's the evidence I'm going to need to find.
....
It's either a sloppy record check by the FBI, and they accessed maybe-I don't know that if in the database this is the first few pages, and then the third page does the update or whatever, but it's either a sloppy record check by the FBI or the SBI-this document that says they updated it in 2011 isn't correct.
The Deputy Commissioner then concluded "it appears to me the evidence shows that the FBI screwed up and not the SBI."
On 31 May 2016, the Deputy Commissioner filed a Decision and Order in Defendant's favor. Among its findings, the Deputy Commissioner found:
7. In plaintiff's case, evidence of record shows that plaintiff's information in the database maintained by the SBI was updated to include the set aside of the murder conviction no later than 19 August 2011. There is no explanation for why the FBI record check in October 2013 did not include the set aside language.
The Deputy Commissioner concluded:
2. To recover on a negligence claim, a plaintiff must allege and prove that they were owed a certain duty, that the duty was breached and the breach proximately and foreseeably caused the plaintiff's injury.
3. In this case, the duties of the SBI regarding the maintenance of criminal histories are contained in N.C. Gen. Stat. § 114-12 [1] et seq , wherein the State Bureau of Investigation is created and the agency's duties are enumerated. N.C. Gen. Stat. § 114-19 requires the SBI to maintain criminal records; however, it does not create an affirmative duty to inform the federal system whenever a change occurs.
4. The greater weight of the evidence of record shows that defendant fulfilled its duties in 2011 when the last update of plaintiff's record was completed. Any subsequent error in the database search and dissemination of the resulting information must be attributed to the Criminal Justice Information Service Division of the FBI.
5. The undersigned concludes as a matter of law that plaintiff has failed to show that defendant owed him a duty to prevent errors by the FBI in their search for and dissemination of his criminal history. The only statutory duty owed to plaintiff by defendant is to make sure the information in their database is up to date and correct. The greater weight of the evidence of record shows defendant fulfilled that duty. Accordingly, plaintiff's claim against defendant must fail.
On 28 February 2017, the Full Commission affirmed the Deputy Commissioner's Decision and Order. Plaintiff now appeals to this Court.
II. Standard of Review
"[W]hen considering an appeal from the Commission, [this Court] is limited to two questions: (1) whether competent evidence exists to support the Commission's findings of fact, and (2) whether the Commission's findings of fact justify its conclusions of law and decision." Simmons v. N.C. Dep't of Transportation , 128 N.C. App. 402, 405-06, 496 S.E.2d 790, 793 (1998). "Such appeal shall be for errors of law only under the same terms and conditions as govern appeals in ordinary civil actions, and the findings of fact of the Commission shall be conclusive if there is any competent evidence to support them." N.C. Gen. Stat. § 143-293 (2017). "While a trial court's findings of fact are binding if supported by sufficient evidence, its conclusions of law are reviewable de novo on appeal." Starco, Inc. v. AMG Bonding & Ins. Servs. , 124 N.C. App. 332, 336, 477 S.E.2d 211, 215 (1996).
III. Analysis
Plaintiff contends the Commission's finding of fact the SBI updated its computerized criminal history for Plaintiff on 19 August 2011 was not supported by competent evidence. We disagree.
Pursuant to N.C. Gen. Stat. § 143B-915, the SBI is responsible for maintaining records of all persons convicted of crimes in North Carolina. SBI Special Agent Desmond testified the SBI is the entity responsible for maintaining North Carolina's criminal records. Desmond also testified the SBI last updated Plaintiff's criminal records on 9 August 2011, more than a year prior to his employment as a security guard. Defendant introduced into evidence a printout of Plaintiff's Computerized Criminal History. That history included a notation stating Plaintiff's murder conviction was "set aside, null and void of no legal effect." Desmond additionally testified the SBI accurately updated and maintained Plaintiff's criminal record.
Despite this evidence, Plaintiff maintains in his brief to this Court Desmond "did not provide any basis for her testimony that Plaintiff's SBI criminal history was amended by 19 August 2011." Additionally, Plaintiff contends Desmond "did not testify that she had personal knowledge of that action." Plaintiff also contends Desmond "did not identify any SBI records showing that such updating action had been taken at that time or before." This contention is meritless. As stated supra , Defendant introduced a 2015 printout of Plaintiff's criminal record stating it was updated in 2011. Additionally, this printout correctly showed Plaintiff's murder conviction was "null and void," and had no legal effect. We conclude this SBI printout constituted competent evidence for the Commission to base its finding the SBI correctly maintained and updated Plaintiff's database.
Plaintiff also contends "Agent Desmond did not identify any source for her information, any document supporting her information, or any way she could determine that information or that the SBI saves that information." Again, this contention is meritless since Defendant introduced an SBI printout stating it updated its database to reflect Plaintiff's revised criminal history in 2011.
Finally, Plaintiff contends:
There was no reason for the SBI to update or correct Plaintiff's criminal history on 19 August 2011. Agent Desmond testified that the SBI updates its criminal history records only upon receiving updated information from an agency, and there was no evidence that any agency had submitted updated information or had any reason to submit updated information on or around that date. Indeed, the only evidence of any reason that the SBI might have had to revisit plaintiff's criminal history record since the decision reversing his conviction was when Plaintiff filed this action in March 2015.
This is Plaintiff's entire argument and analysis on this issue. Plaintiff gives no legal authority or otherwise further argues this contention. Additionally, Plaintiff fails to show why the SBI's criminal record printout is not competent evidence. "It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein." Goodson v. P.H. Glatfelter Co. , 171 N.C. App. 596, 606, 615 S.E.2d 350, 358 (2005). This assignment of error is deemed abandoned by virtue of N.C. R. App. P. 28(b)(6) (2017).
We conclude Defendant presented competent evidence showing Defendant accurately updated and maintained Plaintiff's criminal record. That competent evidence was the predicate for the Commission's Findings of Fact, and its subsequent Conclusions of Law. We therefore affirm the Commission's Order.
AFFIRMED.
Report per Rule 30(e).
Judges DIETZ and ZACHARY concur.

This statute was recodified as N.C. Gen. Stat. § 143B-906, effective 1 July 2014.