MARIE R. LEONARD, ADMINISTRATRIX OF THE ESTATE OF SAMUEL L. LEONARD, DECEASED v. JOHNS-MANVILLE SALES CORPORATION, A DELAWARE CORPORATION; UNARCO INDUSTRIES, INC., AN ILLINOIS CORPORATION; GAF CORPORATION, A DELAWARE CORPORATION; ARMSTRONG CORK COMPANY, A PENNSYLVANIA CORPORATION; RAYBESTOS-MANHATTAN, INC., A CONNECTICUT CORPORATION; OWENS-CORNING FIBERGLAS CORPORATION, A DELAWARE CORPORATION; PITTSBURGH CORNING CORPORATION, A PENNSYLVANIA CORPORATION; THE CELOTEX CORPORATION, A DELAWARE CORPORATION; NICOLET INDUSTRIES, A PENNSYLVANIA CORPORATION; FORTY-EIGHT INSULATION, INC., AN ILLINOIS CORPORATION; EAGLE-PICHER INDUSTRIES, INC., AN OHIO CORPORATION; STANDARD ASBESTOS & INSULATION CO., A MISSOURI CORPORATION; OWENS-ILLINOIS, INC., AN OHIO CORPORATION; H. K. PORTER, A PENNSYLVANIA CORPORATION; NATIONAL GYPSUM CO., A DELAWARE CORPORATION; FIBREBOARD CORPORATION, A DELAWARE CORPORATION; GARLOCK, INC., A FOREIGN CORPORATION; KEENE CORPORATION, A NEW JERSEY CORPORATION; NORTH AMERICAN ASBESTOS CORPORATION, A FOREIGN CORPORATION; CAREY CANADIAN MINES, LTD., A FOREIGN CORPORATION; LAKE ASBESTOS OF QUEBEC, LTD., A FOREIGN CORPORATION; AMATEX CORPORATION, A PENNSYLVANIA CORPORATION; SOUTHERN ASBESTOS COMPANY

No. 8114SC1020

(Filed 1 June 1982)

**Appeal and Error § 6.2; Attorneys at Law § 2— denial of attorney's motion for admission pro hac vice—appeal from order premature**

An order of a trial judge denying plaintiff's motion to reconsider an order in which the judge denied an attorney's motion for admission pro hac vice was an interlocutory order and was not immediately appealable under N.C.G.S. 1-277(a) or 7A-27(b). Furthermore, where the court in its discretion denies a motion for admission of counsel pro hac vice such order does not involve a substantial right and is not appealable as a matter of right. N.C.G.S. 84-4.1.

APPEAL by plaintiff from *Braswell, Judge.* Orders entered 26 May 1981 in Superior Court, DURHAM County. Heard in the Court of Appeals 5 May 1982.

Plaintiff seeks to appeal from the order of the trial court denying her motion for the admission of out-of-state counsel pro hac vice pursuant to N.C.G.S. 84-4.1. On 24 February 1981, Ronald L. Motley, a South Carolina attorney, applied to the superior court for permission to appear in this case on behalf of plaintiff. Judge Braswell denied this motion, in his discretion, on 4 March 1981. Plaintiff did not except to this ruling or enter notice of appeal.

On 16 March 1981, plaintiff renewed the motion that attorney Motley be admitted pro hac vice, and alternatively requested the court to reconsider its order of 4 March 1981. Judge Braswell, in open court, denied plaintiff's motion to reconsider the order of 4 March 1981. This order was later reduced to writing and filed 29 May 1981.

By notice of appeal filed 4 June 1981, plaintiff seeks review of the court's order of 26 May 1981. Plaintiff also seeks to review the orders of the court admitting three out-of-state attorneys pro hac vice as counsel for defendants.

*Haywood, Denny & Miller, by George W. Miller, Jr. and Michael W. Patrick, for plaintiff.*

*Crossley & Johnson, by John F. Crossley, for defendant Johns-Manville Sales Corporation.*

*Smith, Moore, Smith, Schell & Hunter, by McNeill Smith and Gerard H. Davidson, Jr., for defendant Raybestos-Manhattan, Inc.*

*Poisson, Barnhill & Britt, by Donald E. Britt, Jr., for defendant Owens-Corning Fiberglas Corporation.*

*C. K. Brown, Jr. for defendant The Celotex Corporation.*

*Maupin, Taylor & Ellis, by Armistead J. Maupin and Richard M. Lewis, for defendant Eagle-Picher Industries, Inc.*

MARTIN (Harry C.), Judge.

Although plaintiff argues that on 26 May 1981 Judge Braswell again denied attorney Motley's motion for admission pro hac vice, the record on appeal does not sustain that contention. It is clear that Judge Braswell only denied plaintiff's alternative motion to reconsider the order of 4 March 1981. Plaintiff did not except to the order of 4 March 1981, and plaintiff's notice of appeal is only directed to the order of 26 May 1981.

The order of Judge Braswell denying plaintiff's motion to reconsider the order of 4 March 1981 is an interlocutory order and is not immediately appealable. *Stanback v. Stanback,* 287 N.C. 448, 215 S.E. 2d 30 (1975); *Veazey v. Durham,* 231 N.C. 357, 57 S.E. 2d 377 (1950); *Pack v. Jarvis,* 40 N.C. App. 769, 253 S.E. 2d 496 (1979). It does not come within the statutory appeals in N.C.G.S. 1-277(a) or 7A-27(d).

The court's ruling did not affect a substantial right of plaintiff. The motion to reconsider the prior order of the court was addressed solely to the discretion of the court and is not reviewable unless there has been an abuse of discretion. *Veazey, supra; Dworsky v. Insurance Co.*, 49 N.C. App. 446, 271 S.E. 2d 522 (1980). No such abuse appears in the record on appeal. We note that plaintiff is represented by the able law firm of Haywood, Denny & Miller of Durham, North Carolina. Moreover, three members of Mr. Motley's South Carolina firm of Blatt and Fales have already been admitted pro hac vice as counsel for plaintiff in this case. It appears that plaintiff has a plethora of distinguished counsel representing her.

Furthermore, where the court in its discretion denies a motion for admission of counsel pro hac vice, as Judge Braswell did here, such order does not involve a substantial right and is not appealable as a matter of right. This is so because parties do not have a right to be represented in the courts of North Carolina by counsel who are not duly licensed to practice in this state. Admission of counsel in North Carolina pro hac vice is not a right but a discretionary privilege. N.C. Gen. Stat. § 84-4.1 (1981); *In re Smith*, 301 N.C. 621, 272 S.E. 2d 834 (1981). "It is permissive and subject to the sound discretion of the Court." *State v. Hunter*, 290 N.C. 556, 568, 227 S.E. 2d 535, 542 (1976), *cert. denied*, 429 U.S. 1093, 51 L.Ed. 2d 539 (1977).

We are not inadvertent to *Holley v. Burroughs Wellcome Co.*, 56 N.C. App. 337, 289 S.E. 2d 393 (1982). In *Holley*, the Court did not consider whether the appeal was interlocutory, and it is not precedent establishing a right of appeal from an order denying a petition for admission of counsel pro hac vice.

The statement in *Hagins v. Redevelopment Comm.*, 275 N.C. 90, 102, 165 S.E. 2d 490, 498 (1969), that "[n]ormally, a litigant has a fundamental right to select the attorney who will represent him in his lawsuit . . . ." was not made in the context of a proceeding pursuant to N.C.G.S. 84-4.1. In *Hagins* plaintiff contested the appointment of a guardian ad litem to represent her, alleging that as a result she was deprived of the control of her lawsuit. The *Hagins* statement (referred to in *Holley*) is not authority for the proposition that a litigant has a right to be represented in

the courts of North Carolina by counsel who are not duly licensed to practice in this state.

The United States Constitution does not protect pro hac vice proceedings. Procedural due process is not required in the granting or denial of petitions to practice pro hac vice in the courts of another state. *Leis v. Flynt*, 439 U.S. 438, 58 L.Ed. 2d 717, *rehearing denied*, 441 U.S. 956, 60 L.Ed. 2d 1060 (1979). Mr. Motley is not duly licensed as an attorney by the State of North Carolina. Plaintiff has no right to be represented by Mr. Motley in this case. This being so, it follows that no substantial right of plaintiff was involved in the court's ruling on 26 May 1981. This also applies to plaintiff's objections to the orders allowing counsel to appear pro hac vice for defendants.

Appeal dismissed.

Chief Judge MORRIS and Judge CLARK concur.