KIMBERLY SISK, INDIVIDUALLY AND AS GUARDIAN AD LITEM OF SLADE AXEL SISK, A MINOR,
PLAINTIFF v. TRANSYLVANIA COMMUNITY HOSPITAL, INC.; ABBOTT LABORA-
TORIES; AND ABBOTT LABORATORIES, INC., DEFENDANTS

No. COA08-471

(Filed 6 January 2009)

**1. Appeal and Error— appealability—revocation of attor-
neys' pro hac vice status**

Although plaintiff's appeal from the revocation of her at-
torneys' *pro hac vice* status was an appeal from an interlocu-
tory order, the order was immediately appealable because once
an attorney is admitted under N.C.G.S. § 84-4.1, a plaintiff ac-
quires a substantial right to the continuation of representation by
that attorney.

**2. Attorneys— *pro hac vice*—North Carolina Rules of
Professional Conduct—conduct occurring in another state**

The trial court abused its discretion by revoking the *pro hac
vice* status of plaintiff's attorneys based on its conclusion that the
conduct of plaintiff's attorneys violated the North Carolina Rules
of Professional Conduct because: (1) the conduct occurred in
Kentucky and did not violate the Kentucky Rules of Professional
Conduct; and (2) North Carolina Revised Rules of Professional
Conduct, Rule 8.5 prohibits the attorneys' actions from now being
determined to be subject to disciplinary action under the North
Carolina Rules of Professional Conduct since a Kentucky court
already determined their actions in a prior Kentucky case did not
violate its ethical rules.

Appeal by plaintiff from order entered 4 December 2007 by Judge
Richard L. Doughton in Transylvania County Superior Court. Heard in
the Court of Appeals 21 October 2008.

*Law Office of Michael W. Patrick, by Michael W. Patrick, for
plaintiff-appellant.*

*Roberts & Stevens, P.A., by James W. Williams and Ann-Patton Nelson, for defendant-appellees Abbott Laboratories and Abbott Laboratories, Inc.*

*Van Winkle Law Firm, by Michelle Rippon and Rachel Fuerst, for defendant-appellee Transylvania Community Hospital, Inc.*

BRYANT, Judge.

Kimberly Sisk, individually and as Guardian *ad litem* of Slade Axel Sisk (plaintiff) appeals from an order entered 4 December 2007 disqualifying plaintiff's counsel, Nicholas F. Stein and Stephen H. Meyer. We reverse.

On 15 February 2007, Ms. Sisk filed a complaint against Abbott Industries (Abbott) alleging product liability claims on behalf of Slade, her son, who ingested powdered infant formula and contracted a rare bacteria known as *Enterobacter sakazakii* (E. Sak). The complaint alleged that Slade, a newborn, was fed tainted infant formula manufactured by Abbott shortly after his birth at Transylvania Community Hospital (the Hospital). Subsequently, Slade was diagnosed with E. Sak meningitis and sustained brain damage as a result.

On 9 May 2007, plaintiff's counsel Stephen H. Meyer (Mr. Meyer) and Nicholas F. Stein (Mr. Stein) were admitted *pro hac vice* for the limited purpose of representing plaintiff in her action against Abbott and the Hospital. Abbott moved to disqualify Mr. Meyer and Mr. Stein pursuant to a motion dated 17 October 2007. Abbott alleged Mr. Meyer and Mr. Stein should have been disqualified for their improper contact with one of Abbott's consulting experts. On 4 December 2007, the trial court granted Abbott's motion and disqualified Mr. Meyer and Mr. Stein. Plaintiff's appeals.

_____

On appeal, plaintiff argues: (I) the trial court erred by concluding that Mr. Meyer's and Mr. Stein's conduct violated the North Carolina Rules of Professional Conduct; and (II) the trial court's findings of fact and conclusions of law were not supported by competent evidence in the record.

*I*

**[1]** Plaintiff argues the trial court erred by revoking Mr. Meyer's and Mr. Stein's *pro hac vice* status because their conduct occurred in Kentucky and did not violate the Kentucky Rules of Professional Conduct and thus should not be violative of the North Carolina

Rules of Professional Conduct. Defendants argue the analysis should begin with the standard of review, abuse of discretion, and that the trial court "summarily revoked" Mr. Meyer's and Mr. Stein's *pro hac vice* admissions.

At the outset, we note plaintiff's appeal, although interlocutory, is properly before this Court. An out-of-state attorney may be admitted *pro hac vice* pursuant to N.C. Gen. Stat. § 84-4.1. Once an attorney is admitted under N.C.G.S. § 84-4.1, a plaintiff acquires a substantial right to the continuation of representation by that attorney. *Smith v. Beaufort County Hosp. Ass'n*, 141 N.C. App. 203, 207, 540 S.E.2d 775, 778 (2000) (quoting *Goldston v. American Motors Corp.*, 326 N.C. 723, 727, 392 S.E.2d 735, 737 (1990)). Thus "an order removing said counsel affects a substantial right of the plaintiff and is immediately appealable." *Id.*

[2] A trial court may summarily revoke an appointment of counsel *pro hac vice* and is not required to make findings of fact to support its order. *Smith*, 141 N.C. App. at 210, 540 S.E.2d at 780. The decision to revoke an attorney's admission *pro hac vice* is reviewed under an abuse of discretion standard, *Couch v. Private Diagnostic Clinic*, 146 N.C. App. 658, 663, 554 S.E.2d 356, 361 (2001), and may be reversed "only upon a showing that [the court's] actions are manifestly unsupported by reason," *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). The trial court's ruling "is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *Smith*, 141 N.C. App. at 210, 540 S.E.2d at 780.

In *Smith*, the trial court revoked the *pro hac vice* status of plaintiff's counsel. Although findings of fact were not required in revoking the counsel's *pro hac vice* status, the trial court made several findings. This Court reviewed the trial court's findings to determine whether the findings were supported by competent evidence and whether its conclusions were supported by the findings. *Id.* This Court determined that although some of the trial court's findings were based on a misapprehension of the law, or unsupported by the evidence, the findings were not material and prejudicial and did not change the outcome and affirmed the trial court's decision. *Id.* at 215, 540 S.E.2d at 783.

In the present case, defendants correctly argue the standard of review is an abuse of discretion. However, as in *Smith*, the trial court in the present case did not summarily revoke Mr. Meyer's and Mr.

Stein's *pro hac vice* status, but made findings of fact and conclusions of law supporting its order. As in *Smith*, we must review the trial court's findings of fact and conclusions of law. As discussed below in section *II*, a review of the trial court's findings in the present case indicates the findings were based on misapprehensions of the law and such findings were material and prejudicial and changed the outcome.

## II

Plaintiff argues the trial court's findings and conclusions of law were not supported by the evidence. Specifically, plaintiff argues the trial court erred by determining Mr. Meyer's and Mr. Stein's prior conduct violated the North Carolina Rules of Professional Conduct because the conduct occurred in Kentucky and was thus subject to the Kentucky Rules of Professional Conduct. We agree.

"[A]ppellate review of findings of fact and conclusions of law made by a trial judge . . . is limited to a determination of whether there is competent evidence to support his findings of fact and whether, in light of such findings, [the judge's] conclusions of law were proper." *Starco, Inc. v. AMG Bonding & Ins. Servs.*, 124 N.C. App. 332, 335, 477 S.E.2d 211, 214 (1996). "[I]f the evidence tends to support the trial court's findings, these findings are binding on appeal, even though there may be some evidence to support findings to the contrary." *Id.* Moreover, "to obtain relief on appeal, an appellant must not only show error, but that appellant must also show that the error was material and prejudicial, amounting to denial of a substantial right that will likely affect the outcome of an action." *Id.*

North Carolina Revised Rules of Professional Conduct, Rule 8.5 provides in pertinent part:

(a) *Disciplinary Authority.* . . . A lawyer not admitted in North Carolina is also subject to the disciplinary authority of North Carolina if the lawyer renders or offers to render any legal services in North Carolina. . . .

(b) *Choice of Law.* In any exercise of the disciplinary authority of North Carolina, the rules of professional conduct to be applied shall be as follows:

. . .

(2) for any other conduct [not connected to a matter pending before a tribunal], the rules of the jurisdiction in which the lawyer's

conduct occurred, or, if the predominant effect of the conduct is in a different jurisdiction, the rules of that jurisdiction shall be applied to the conduct. *A lawyer is not subject to discipline if the lawyer's conduct conforms to the rules of a jurisdiction in which the lawyer reasonably believes the predominant effect of the lawyer's conduct will occur.*

N.C. Rev. R. Prof. Conduct 8.5 (a)-(b) (2007) (emphasis supplied). Based on a plain reading of Rule 8.5, Mr. Meyer's and Mr. Stein's conduct in Kentucky was subject to Kentucky's Rules of Professional Conduct. Therefore, whether their actions were a violation of the rules of professional conduct must be determined under Kentucky law. If their conduct is determined not to be violative of the Kentucky rules, our Rule 8.5 does not allow the conduct to be subject to discipline under our rules.

In the present case, the trial court concluded Mr. Meyer's and Mr. Stein's conduct was "inappropriate and constitutes the appearance of an impropriety" and was "inconsistent with fair dealings as reflected in Rule 4.3 of the North Carolina Revised Rules of Professional Conduct." Assuming arguendo that the conduct of Mr. Meyer and Mr. Stein was inappropriate and constituted the appearance of impropriety thereby violating Rule 4.3 of the North Carolina Rules of Professional Conduct, because the conduct occurred in Kentucky and did not violate the Kentucky Rules of Professional conduct, the trial court erred by revoking Mr. Meyer's and Mr. Stein's *pro hac vice* status on that basis.

Because a Kentucky court had already determined that Mr. Meyer's and Mr. Stein's actions in a prior Kentucky case did not violate its ethical rules, Rule 8.5 prohibits their actions from now being determined to be subject to disciplinary action pursuant to the North Carolina Rules of Professional Conduct. The trial court's conclusions were based upon a misapprehension of law and such misapprehension was material and changed the outcome. *See Smith*, 141 N.C. App. at 214, 540 S.E.2d at 782. Therefore, the trial court's subsequent disqualification of counsel was manifestly unsupported by reason and constituted an abuse of discretion. The trial court's order is reversed.

REVERSED.

Judge ARROWOOD concurs.

Judge WYNN concurs in the result only.

Judge ARROWOOD concurred in this opinion prior to 31 December 2008.