PAULA DANCE, PLAINTIFF v. MAC MANNING, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF OF PITT COUNTY; LEE MOORE; AND TRAVELERS COMPANIES, INC., AS SURETY FOR THE PITT COUNTY SHERIFF, DEFENDANTS

No. COA09-1402

(Filed 19 October 2010)

**Appeal and Error— interlocutory order—denial of motion to admit pro hac vice attorney—no substantial right**

Plaintiff's appeal from the trial court's denial of her motion for admission of an out-of-state attorney to practice *pro hac vice* was dismissed as interlocutory. The trial court's order did not

involve a substantial right and was not appealable as a matter of right because parties do not have a right to be represented in the courts of North Carolina by counsel who are not duly licensed to practice in this state.

Appeal by plaintiff from order entered 8 May 2009 by Judge W. Russell Duke, Jr. in Superior Court, Pitt County. Heard in the Court of Appeals 14 April 2010.

*Willie S. Darby, for plaintiff-appellant.*

*Cranfill Sumner & Hartzog, LLP, by Katie Weaver Hartzog, for defendants-appellees.*

STROUD, Judge.

Paula Dance ("plaintiff") appeals from a trial court's denial of her motion for admission of an out-of-state attorney to practice *pro hac vice.* For the following reasons, we dismiss plaintiff's interlocutory appeal.

Plaintiff, a former deputy sheriff in Pitt County, initially filed a complaint on 17 March 2008 against Pitt County; Mac Manning, individually and in his capacity as the Sheriff of Pitt County; and Lee Moore, individually and in his capacity as Chief Deputy Sheriff of Pitt County, alleging negligent infliction of emotional distress and "constructive discharge in violation of public policy[.]" On the same date, plaintiff also filed a motion seeking the admission of attorney Kimberly Tarver, from Baltimore, Maryland, to practice *pro hac vice.* After defendants filed motions to dismiss her complaint, plaintiff filed a voluntary dismissal without prejudice on 16 June 2008.

On 26 January 2009, plaintiff filed a new complaint against Mac Manning, individually and in his capacity as Sheriff of Pitt County; Lee Moore; and Travelers Companies, Inc., as surety for the Pitt County Sheriff, alleging negligent infliction of emotional distress, "common law obstruction of justice and civil conspiracy[,]" and "constructive discharge in violation of public policy[.]"[1] Plaintiff again filed a motion for admission of out-of-state Attorney Tarver to prac-

---

1. In their brief, defendants state that "[a]t the time of this appeal, Travelers Companies, Inc. had not been served with [this] Summons and Complaint, and therefore, is not a party to this appeal." The record contains civil summons issued to defendants Manning and Moore but no summons issued to Travelers Companies, Inc. Plaintiff makes no argument that Travelers Companies, Inc. is a party to this appeal. As it appears that Travelers Companies, Inc. was not a party to the proceeding before the trial court, Travelers Companies, Inc. is not a party to this appeal.

tice *pro hac vice* on 26 January 2009. After defendants filed an objection to plaintiff's motion for admission of an out-of-state attorney and a motion to dismiss in part, plaintiff filed a second motion for admission of an out-of-state attorney on 11 March 2009. By order dated 13 March 2009, the trial court denied plaintiff's first motion for admission of an out-of-state attorney to practice *pro hac vice*. Plaintiff filed a motion for "Recusal of Pitt County Resident Judges[.]" Defendants Mac Manning and Lee Moore filed their answer on 31 March 2009. By order dated 5 May 2009, the trial court denied plaintiff's second motion for admission of out-of-state attorney to practice *pro hac vice* and granted plaintiff's motion for recusal, but only as to Judge Duke, the presiding judge. Plaintiff filed notice of appeal from the trial court's 5 May 2009 order. On 1 February 2009, defendants filed a motion with this Court to dismiss plaintiff's appeal as interlocutory.

We first address defendants' motion to dismiss the appeal and plaintiff's grounds for appellate review. Plaintiff concedes that this appeal is not a final judgment but interlocutory. However, plaintiff, citing *Goldston v. American Motors Corp.*, 326 N.C. 723, 392 S.E.2d 735 (1990) and *Hagins v. Redevelopment Com. of Greensboro*, 275 N.C. 90, 165 S.E.2d 490 (1969), argues that her appeal is immediately appealable because it affects a "substantial right to select the attorney of her choice." We have held that

> [a] final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy. An interlocutory order is generally not immediately appealable. Nonetheless, in two instances a party is permitted to appeal interlocutory orders. First, a party is permitted to appeal from an interlocutory order when the trial court enters a final judgment as to one or more but fewer than all of the claims or parties and the trial court certifies in the judgment that there is no just reason to delay the appeal. Second, a party is permitted to appeal from an interlocutory order when the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits. Under either of these two circumstances, it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal and our Court's responsibility to review those grounds.

*Bullard v. Tall House Bldg. Co.,* —— N.C. App. ——, ——, 676 S.E.2d 96, 103 (2009) (citations and quotation marks omitted).

Here, plaintiff's appeal is not a final judgment as the denial of her motion only addressed the issue of counsel for plaintiff but not the substantive claims made by plaintiff in her complaint. Therefore, plaintiff's appeal is interlocutory. The trial court made no certification in its judgment that there was no just reason for delay. Plaintiff simply asserts that she has a substantial right to be represented by out-of-state counsel, but our Courts have never held that this is true in all circumstances. In addressing the plaintiff's appeal from a trial court's denial of the plaintiff's motion for admission of counsel *pro hac vice*, this Court held that

> such order does not involve a substantial right and is not appealable as a matter of right. This is so because parties do not have a right to be represented in the courts of North Carolina by counsel who are not duly licensed to practice in this state. Admission of counsel in North Carolina pro hac vice is not a right but a discretionary privilege. It is permissive and subject to the sound discretion of the Court.

*Leonard v. Johns-Manville Sales Corp.,* 57 N.C. App. 553, 555, 291 S.E.2d 828, 829 (citations and quotation marks omitted), *disc. review denied,* 306 N.C. 558, 294 S.E.2d 371 (1982).

Plaintiff argues that in *Goldston v. American Motors Corp.,* the Supreme Court held that the plaintiff's interlocutory appeal should be considered as she had a substantial right to have her out-of-state attorney represent her in her lawsuit. 326 N.C. at 726, 392 S.E.2d at 736. However, in *Goldston,* the plaintiff's attorney "had been properly admitted pro hac vice under the statute and was actively involved in plaintiff's lawsuit" from 1986 until 1989, when he was removed as a result of a defendant's motion based upon allegations related to receipt of confidential information from a former employee of AMC. *Id.* at 727, 392 S.E.2d at 737. In addition, the plaintiff's attorney was an "alleged expert in cases of" the type brought by the plaintiff in *Goldston,* who had "years of experience and know-how" in lawsuits against "major manufacturers of jeeps and related vehicles for tort liability[.]" *Id.* The Court explained that "once the attorney was admitted under the statute, plaintiff acquired a substantial right to the continuation of representation by that attorney—just as with any other attorney duly admitted to practice law in the State of North Carolina." *Id.* However, this Court has recognized that *Goldston* "involved litigation that had been ongoing for several years and an attorney who had a national reputation in handling

DANCE v. MANNING

[207 N.C. App. 520 (2010)]

products liability cases against a particular defendant," distinguishing *Goldston* from a case in which the "litigation is still in its infancy, and plaintiffs' counsel does not hold any unique expertise that cannot be found elsewhere in our state bar." *Smith v. Beaufort County Hosp. Ass'n, Inc.*, 141 N.C. App. 203, 216, 540 S.E.2d 775, 783 (2000), *aff'd per curiam*, 354 N.C. 212, 552 S.E.2d 139 (2001).

In her brief, plaintiff argues further that the trial court's denial of the admission of Attorney Tarver "is in effect a revocation of her admission" since she had previously filed another lawsuit arising from the same events and in which Attorney Tarver was admitted to practice *pro hac vice*. However, here plaintiff had filed a voluntary dismissal of her first lawsuit; *Goldston* dealt with the removal of counsel in ongoing litigation where the counsel was properly admitted at the inception of his representation in that same lawsuit. 326 N.C. at 727, 392 S.E.2d at 737. When a plaintiff files a voluntary dismissal, " 'it [is] as if the suit had never been filed.' " *Barham v. Hawk*, 165 N.C. App. 708, 719, 600 S.E.2d 1, 8 (2004) (quoting *Tompkins v. Log Systems, Inc.*, 96 N.C. App. 333, 335, 385 S.E.2d 545, 547 (1989), *disc. review denied*, 326 N.C. 366, 389 S.E.2d 819 (1990)). Any orders entered in the first lawsuit have no relevance to the newly filed lawsuit, as the dismissal " 'carries down with it previous rulings and orders in the case.' " Id. (quoting *Gibbs v. Carolina Power & Light Co.*, 265 N.C. 459, 464, 144 S.E.2d 393, 398 (1965)).

Here, Attorney Tarver was never admitted *pro hac vice* in the current lawsuit and plaintiff has not demonstrated that she was actively involved in ongoing litigation on plaintiff's behalf for several years or that she has any special expertise required for plaintiff's representation in this case, so we hold that *Goldston* is inapplicable to the case before us. We also find *Hagins v. Redevelopment Com. of Greensboro*, 275 N.C. 90, 165 S.E.2d 490 (1969), inapplicable as it does not address an interlocutory appeal or the issue of admission of an out-of-state counsel to practice in this State *pro hac vice*.

As plaintiff's interlocutory appeal does not affect a substantial right, we grant defendant's motion and dismiss plaintiff's appeal.

DISMISSED.

Judges McGEE and HUNTER, JR., Robert N. concur.