Carolina Home Sols. 1, Inc. v. Crystal Coast Home Sols., Inc., 2018 NCBC 57.

STATE OF NORTH CAROLINA

PITT COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
16 CVS 2743

CAROLINA HOME SOLUTIONS 1,
INC.,

Plaintiff/Counterclaim Defendant,

v.

CRYSTAL COAST HOME
SOLUTIONS, INC.,

Defendant/Counterclaimant,

v.

CHARLES BOUDREAU,

Additional Counterclaim Defendant.

**ORDER AND OPINION DENYING
*PRO HAC VICE* ADMISSION AND
REFERRAL TO THE GEORGIA AND
NORTH CAROLINA STATE BARS**

1.     **THIS MATTER** is before the Court upon Plaintiff Carolina Home Solutions 1, Inc. ("Plaintiff") and Additional Counterclaim Defendant Charles Boudreau's ("Boudreau") Motion for *Pro Hac Vice* Admission (the "Motion") of Charles V. Loncon ("Loncon"), filed June 1, 2018, in the above-captioned case.

2.     Loncon is a member of the Georgia State Bar (admitted August 24, 1989).[1] He is not licensed to practice law in North Carolina.  As a result, to represent Plaintiff or Boudreau in this action, Loncon is required to comply with North Carolina's requirements for *pro hac vice* admission under N.C. Gen. Stat. § 84-4.1.  In particular, Loncon is required to associate and personally appear in this action with a local, duly licensed North Carolina attorney.  *See* N.C. Gen. Stat. § 84-4.1(5).  Despite first

---

[1]  *See* State Bar of Georgia online Membership Directory at
https://www.gabar.org/MemberSearchDetail.cfm?ID=NDU2NTIz.

advising the Court in May 2017 that he would be representing Plaintiff and Boudreau in this action, and re-affirming that intention several times thereafter, at no time prior to the filing of the current Motion on Friday, June 1, 2018—the eve of the scheduled commencement of the trial of this action on Monday, June 4, 2018—did any attorney licensed in the State of North Carolina file a notice of appearance on behalf of Plaintiff or Boudreau or seek *pro hac vice* admission for Loncon.

3.     On June 1, 2018, the Court held a telephone conference with the parties to address the Motion. This Order and Opinion memorializes the Court's oral ruling on that conference call. For the reasons set forth below, the Court, in the exercise of its discretion, hereby **DENIES** the Motion and **REFERS** this matter to the Georgia and North Carolina State Bars for review.

> *Ward and Smith, P.A., by E. Bradley Evans, for Plaintiff and Counterclaim Defendant Carolina Home Solutions 1, Inc. and Additional Counterclaim Defendant Charles Boudreau.*
>
> *Lanier, King & Paysour, PLLC, by Jeremy King and Steven F. Johnson, for Defendant and Counterclaimant Crystal Coast Home Solutions, Inc.*

Bledsoe, Judge.

## I.

### PROCEDURAL AND FACTUAL BACKGROUND

4.     Plaintiff is a North Carolina corporation with its principal place of business in Greenville, Pitt County, North Carolina, (Compl. ¶ 1, ECF No. 1), and was administratively dissolved on October 6, 2016, (Mot., Defenses, Ans., Countercls. &

Third-Party Compl. 3, ECF No. 2).  Boudreau is the president and sole shareholder of Plaintiff.  (Mot., Defenses, Ans., Countercls. & Third-Party Compl. 3.)

5.     On November 29, 2016, Jonathan Bridgers, a duly licensed North Carolina attorney with the Bridgers Law Firm in Greenville, North Carolina (collectively, "Bridgers"), filed the Complaint initiating this action on behalf of Plaintiff.  (*See* Compl. 3.)

6.     On May 16, 2017, Bridgers filed a motion to withdraw as counsel for Plaintiff and Boudreau ("Motion to Withdraw"), representing that Plaintiff and Boudreau had terminated Bridgers' services and refused to pay Bridgers' attorneys' fees.  (Pl.'s and Third-Party Def.'s Br. Supp. Mot. Withdraw 2–3, ECF No. 19.)   Plaintiff and Boudreau provided their written consent to the Motion to Withdraw.  (*See* Mot. Withdraw, ECF No. 19.1.)

7.     The Court granted the Motion to Withdraw on May 17, 2017, stating that (i) Plaintiff "is advised and put on notice that, under North Carolina law, a corporation may not represent itself in the superior courts of this State and must instead be represented by a licensed attorney to appear before this Court," citing *LexisNexis, Division of Reed Elsevier, Inc. v. Travishan Corp.*, 155 N.C. App. 205, 209, 573 S.E.2d 547, 549 (2002), and (ii) "[a]ny new counsel for [Plaintiff] is hereby ordered to file and serve a notice of appearance promptly upon retention."  (Order Mot. Withdraw 2–3, ECF No. 20.)

8.     On May 30, 2017, Defendant's counsel, Steven F. Johnson, advised the Court's law clerk by email, copying Loncon, that Loncon had contacted Johnson to

advise that Loncon had been retained by Plaintiff and Boudreau as their counsel in this action. It was not apparent from Johnson's email that Loncon was a member of the Georgia State Bar or that Loncon was not licensed to practice law in the State of North Carolina. Later that same day, via email, the Court's law clerk advised Loncon and all counsel of record that "Mr. Loncon should promptly comply with the Order on the Motion to Withdraw and file a notice of appearance with the Court." Loncon shortly thereafter confirmed to the Court that he intended to represent Plaintiff and Boudreau in this action but did not take the necessary steps under N.C. Gen. Stat. § 84-4.1 to appear in this action at that time.

9. On December 15, 2017, the Court held a pretrial scheduling conference by telephone, after which the Court set this action for trial to commence on April 30, 2018. Defendant was represented by counsel at the conference. The Court, now aware that Loncon was a member of the Georgia State Bar, but not of the North Carolina State Bar, permitted Loncon to participate in the conference based on Loncon's May 2017 and December 2017 representations that he had been retained by Plaintiff and Boudreau as counsel in this action and his further representations in December 2017 that he would promptly associate with North Carolina-licensed counsel and seek *pro hac vice* admission to practice in the courts of this State for purposes of this action.

10. The Court emphasized to Loncon during the pretrial scheduling conference that Plaintiff, as a North Carolina corporation, could not represent itself in this case without North Carolina-licensed counsel of record and that Loncon must comply with

the requirements of N.C. Gen. Stat. § 84-4.1 for *pro hac vice* admission, including associating with North Carolina-licensed counsel, before proceeding further as counsel for Plaintiff and Boudreau in this action. Loncon indicated that he would promptly associate with local counsel and comply with North Carolina's *pro hac vice* admission requirements.

11. On December 21, 2017, the Court entered the Pretrial Scheduling Order, which established dates and deadlines for, among other things, the exchange of witness and exhibit lists (March 2, 2018), a pretrial conference among counsel (March 26, 2018), the exchange of objections to trial exhibits (March 30, 2018), the filing of motions *in limine* (April 2, 2018), and the filing of a proposed pretrial order (April 2, 2018). (Pretrial Scheduling Order 1–4, ECF No. 26.) Plaintiff and Boudreau failed to comply with any of these provisions of the Pretrial Scheduling Order, and, despite his earlier representations, Loncon did not associate with North Carolina-licensed counsel and seek *pro hac vice* admission prior to any of these case deadlines.

12. By order dated April 17, 2018 (the "April 17 Order"), the Court rescheduled the trial to commence on June 4, 2018, the pretrial hearing for May 22, 2018, and the deadline to submit motions *in limine* and a proposed pretrial order to May 8, 2018. (Am. Pretrial Scheduling Order & Notice to Pl. 2–4, ECF No. 30.) The Court also used the April 17 Order to remind Plaintiff of the previously cited ruling in *LexisNexis, Division of Reed Elsevier, Inc.*, 155 N.C. App. at 209, 573 S.E.2d at 549, and to reiterate (i) that "unless Plaintiff is represented by a duly admitted and licensed attorney-at-law at trial, Plaintiff will not be permitted to participate in the

trial," and (ii) that "Loncon may not represent Plaintiff in this action unless Plaintiff and he promptly comply with the requirements of N.C. Gen. Stat. § 84-4.1, including, in particular, Plaintiff's retention of counsel duly licensed in North Carolina with whom Mr. Loncon will be personally appearing in this action."  (Am. Pretrial Scheduling Order & Notice to Pl. 6.)

13.    On May 18, 2018, ten days after Plaintiff and Boudreau failed to confer with Defendant's counsel and submit a proposed pretrial order as required under the April 17 Order, Loncon sent an email to the Court's law clerk on behalf of Plaintiff and Boudreau seeking a continuance of the pretrial hearing scheduled for May 22, 2018.

14.    By order dated May 21, 2018, the Court denied Loncon's request because Loncon had not properly associated with North Carolina-licensed counsel or complied with section 84-4.1 and therefore did not have legal authority to represent Plaintiff or Boudreau in this action.[2]  (*See* Order Denying Request for Extension 1–2, ECF No. 34.)

15.    On May 22, 2018, prior to the pretrial hearing later that day, Loncon sent an email to the Court's law clerk (i) apologizing for not having successfully associated local counsel with the case and fulfilling the requirements for *pro hac vice* admission, (ii) advising that Boudreau would be available via telephone for the pretrial hearing, and (iii) representing that Loncon would be filing a motion for *pro hac vice* admission the following day, on May 23, 2018.  Boudreau represented himself at the pretrial

---

[2]  The Court notes that had Loncon been duly admitted *pro hac vice*, his request still would have been subject to automatic denial for failure to comply with BCR 7.2 (requiring each motion to be set out in a separate document and electronically filed) and BCR 7.3 (requiring each motion to reflect consultation with opposing counsel).

hearing via telephone and advised that he still intended for Loncon to represent Plaintiff and Boudreau at trial.

16. Despite Loncon's promise, neither Loncon nor any North Carolina-licensed attorney filed a motion for *pro hac vice* admission for Loncon on May 23, 2018. On that same day, despite the Court's repeated admonitions that Plaintiff could not represent itself in this action, Boudreau sent Defendant's counsel a document titled "Plaintiff and Third Party Defendant, Carolina Home Solutions 1, Inc.'s Portion of Proposed Pretrial Order" signed by "Charles Boudreau, for Carolina Home Solutions, 1, Inc." (*See* Def.'s Mot. Summ. J. Ex. A., at 6, ECF No. 36.) This document contains six pages of information responding to the numbered paragraphs of Defendant's proposed pretrial order and appears to the Court to have been prepared by a lawyer.

17. On May 30, 2018, Boudreau filed a trial brief containing six pages of legal argument. The brief stated that it was filed both in Boudreau's individual capacity and on behalf of Plaintiff, again ignoring the Court's repeated admonitions that Plaintiff could not represent itself in this action. (*See* Pl. & Third-Party Def., Carolina Home Solutions I, Inc.'s Br. Under Rule 12.12, ECF No. 38.) As a result, the Court struck the trial brief to the extent it was filed on behalf of Plaintiff. (*See* Order Strike Pl.'s Trial Br., ECF No. 41.) Like Boudreau's portion of the pretrial order, the trial brief appears to the Court to have been prepared by a lawyer.

18. On the last business day before trial—June 1, 2018—Bradley Evans, an attorney licensed in the State of North Carolina, filed a Notice of Appearance on behalf of Plaintiff and Boudreau and immediately thereafter filed the Motion. (*See*

Notice of Appearance, ECF No. 45; Pl. & Third Party Def. Carolina Home Solutions, I, Inc.'s & Def. Boudreau's Mot. Admission *Pro Hac Vice* of Loncon, ECF No. 43.) The Court convened a telephone conference that same day with Mr. Evans and counsel for Defendant, during which the Court orally denied the Motion. Mr. Evans informed the Court that he had only been retained that day and requested a short continuance to prepare for trial. Defendant's counsel acknowledged that a modest delay in commencing trial would not unduly prejudice Defendant. The Court therefore agreed to continue the trial for a relatively short time period to permit Mr. Evans an opportunity to prepare for trial and allow the parties to engage in mediation.

II.

LEGAL ANALYSIS

19. North Carolina law is clear that *pro hac vice* admission to practice in the courts of this State "is not a right but a discretionary privilege." *Couch v. Private Diagnostic Clinic*, 146 N.C. App. 658, 669, 554 S.E.2d 356, 364 (2001); *see* N.C. Gen. Stat § 84-4.1 ("Compliance with the [statutory requirements for a *pro hac vice* motion] does not deprive the court of the discretionary power to allow or reject the application."). The authority provided by the statute governing *pro hac vice* admission ensures "a means to control out-of-state counsel and to assure compliance with the duties and responsibilities of attorneys practicing in this State." *Couch,* 146 N.C. App. at 670, 554 S.E.2d at 365. "Such a right is 'permissive and subject to the sound discretion of the Court.'" *Id.* at 669, 554 S.E.2d at 364 (quoting *State v. Hunter*, 290 N.C. 556, 568, 227 S.E.2d 535, 542 (1976)). While "a litigant has a fundamental

right to select the attorney who will represent him in his lawsuit," *Hagins v. Redevelopment Comm'n*, 275 N.C. 90, 102, 165 S.E.2d 490, 498 (1969), that right "is not authority for the proposition that a litigant has a right to be represented in the courts of North Carolina by counsel who are not duly licensed to practice in this state," *Leonard v. Johns-Manville Sales Corp.*, 57 N.C. App. 553, 555–56, 291 S.E.2d 828, 830 (1982).

20.     Here, after repeated representations that he would do so, and in disregard of repeated instructions from the Court, Loncon failed to associate with North Carolina-licensed counsel and seek *pro hac vice* admission to participate in this case for over a year after first advising the Court that he intended to represent Plaintiff and Boudreau as counsel in this action.  Instead, Loncon waited until the Friday afternoon before the trial's scheduled Monday commencement to seek *pro hac vice* admission with the aid of a North Carolina-licensed attorney who had been retained that same day.  This conduct alone justifies the Court's denial of the Motion.

21.     In addition, in light of the fact that (i) Boudreau is not a North Carolina-licensed attorney, (ii) Loncon repeatedly indicated to the Court that he represented Plaintiff and Boudreau in this matter but failed to associate with North Carolina-licensed counsel and seek *pro hac vice* admission until June 1, 2018, and (iii) Boudreau's portion of the proposed final pretrial order and Boudreau's trial brief each appear to have been prepared by an attorney, although each is signed only by Boudreau, the Court has serious concerns that Boudreau's portion of the pretrial

order submitted to Defendant's counsel and the trial brief Boudreau filed with the Court were in fact "ghostwritten" by Loncon.

22.  An attorney licensed in North Carolina may draft pleadings on behalf of a *pro se* party like Boudreau in a state court proceeding without making an appearance as counsel of record. *See* North Carolina State Bar, RPC 114 (July 12, 1991); 2008 Formal Ethics Opinion 3. Such is not the case, however, for an out-of-state attorney unless the attorney complies with the requirements of section 84-4.1. *Burgess v. Vitola*, 2008 NCBC LEXIS 7, at *10–11 (N.C. Super. Ct. Mar. 26, 2008). As this Court has previously stated, "[t]o hold otherwise would allow attorneys not licensed or admitted to practice in North Carolina to circumvent this State's requirements for *pro hac vice* admission." *Id.* at *11.

23.  As such, it appears to the Court that Loncon may have engaged in the unauthorized practice of law in this State. *See id.* at *10–12 (finding that an out-of-state attorney who had not made a *pro hac vice* appearance was engaged in the unauthorized practice of law by assisting in defendant's preparation of a motion to dismiss and other filings submitted to the court).[3]

24.  "[E]ngaging in the unauthorized practice of law is a Class 1 misdemeanor" under North Carolina law. *Id.*, 2008 NCBC LEXIS 7, at *9 (citing N.C. Gen. Stat. §§

---

[3] Numerous federal courts have "condemn[ed] the ghostwriting of pleadings for parties purporting to appear *pro se*," *Bittle v. Elec. Ry. Improvement Co.*, 576 F. Supp. 2d 744, 755 n.9 (M.D.N.C. 2008), including on grounds that the practice constitutes the unauthorized practice of law, *see, e.g.*, *Fin. Fair v. Gaston Cty. Family YMCA*, No. 3:11-CV-524-MOC-DSC, 2012 U.S. Dist. LEXIS 102493, at *2 (W.D.N.C. June 12, 2012); *In re Dreamplay, Inc.*, 534 B.R. 106, 120 (Bankr. D. Md. 2015) ("[W]hether 'ghostwriting' may ever be deemed permissible in this Circuit, that would not excuse an out of state, unadmitted attorney from practicing law without either a license or *pro hac vice* approval.").

84-4, 84-8). The Court's reasonable suspicion that Loncon has engaged in the unauthorized practice of law in this action provides a separate and independent basis on which the Court denies the Motion. *Foreclosure of a Deed of Trust v. Branch Banking & Tr. Co.*, 175 N.C. App. 653, 658, 625 S.E.2d 155, 158–59 (2006) (upholding trial court's denial of *pro hac vice* motion where the trial court found that the out-of-state attorney had participated in the unauthorized practice of law when he filed papers with the court without local counsel's signature while the *pro hac vice* motion was pending).

26. In addition, considering the Court's instructions to Loncon at the December 2017 Pretrial Scheduling Conference, and the specific admonition in the Court's April 17 Order that "Loncon may not represent Plaintiff in this action unless Plaintiff and he promptly comply with the requirements of N.C. Gen. Stat. § 84-4.1," the Court has serious concerns that Loncon not only engaged in the unauthorized practice of law in this State, but did so knowingly, intentionally, and willfully to circumvent the requirements of section 84-4.1 and the Court's express and repeated directives, including those contained in the April 17 Order.

26. As a result, the Court concludes that it is appropriate to forward this Order and Opinion to the North Carolina and Georgia State Bars for review and, if deemed appropriate, further action concerning Loncon. *See Burgess*, 2008 NCBC LEXIS 7, at *18 (sending order addressing non-appearing out-of-state counsel's ghostwriting to State Bars of California and North Carolina for review); *see also Clay v. United States*, 1:11CR304-1, 1:13CV629, 2015 U.S. Dist. LEXIS 25352, at *11 (M.D.N.C. Mar. 3,

2015) (sending order addressing non-appearing out-of-state counsel's ghostwriting to State Bars of Florida and North Carolina for review).

## III.
## CONCLUSION

27.    **WHEREFORE**, based on the foregoing, the Court, in the exercise of its discretion, hereby **ORDERS** as follows:

a. Plaintiff's and Boudreau's Motion is hereby **DENIED**.  Plaintiff and Boudreau shall continue to be represented by their North Carolina-licensed counsel of record.

b. A copy of this Order and Opinion shall be provided to the North Carolina and Georgia State Bars for each State Bar's review concerning whether Loncon should be subjected to discipline under the laws and rules of that State.

**SO ORDERED**, this the 19th day of June, 2018.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Special Superior Court Judge
 for Complex Business Cases